# The City of Alton

*v.*

## The Ætna Insurance Company.

1. Municipal corporation—*acts beyond powers conferred are void.* Any acts a city council may assume to perform not fairly within the powers conferred on it by statute, are *ultra vires.*

2. Same—*charter construed as to taxing insurance companies.* Authority in a city charter to license and tax insurance companies or their agents, to raise a fund with which to procure apparatus for extinguishing fires, and constructing reservoirs, does not justify an ordinance levying a tax upon premiums earned by such companies in the city to constitute a fund to be applied to the support of the fire department generally.

Writ of Error to the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Mr. C. P. WISE, for the plaintiff in error.

Mr. LEVI DAVIS, and Mr. HENRY S. BAKER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

We shall not now inquire whether the legislature could rightfully confer upon the common council of the city of Alton power "to license or tax insurance companies, or their agents, and insurance brokers, for the purpose of procuring apparatus for the extinguishment of fires, and procuring and establishing proper reservoirs for the same purpose," nor whether that provision of the city charter has been repealed by the adoption of the constitution of 1870 or by subsequent legislation. Conceding the validity of this clause of the charter, we are of opinion it contains no warrant for levying a tax upon the premiums of insurance companies doing business in the city, for the support of the fire department, and hence the ordinance under which the prosecution was commenced can not be sustained.

The authority given is, to license or tax insurance companies for the purpose of raising a fund with which to procure apparatus for extinguishing fires, and constructing reservoirs for the same purpose; but this ordinance provides for levying a tax upon premiums earned by all insurance companies doing business in the city, " to constitute a fund to be applied exclusively to the support of the fire department," which may be, and doubtless is, in this case, an essentially different purpose from the one indicated in the charter. All the evidence this record contains on this subject is the stipulation, the city has "an organized fire department, and that the money which may be recovered will be applied for the purposes as provided by the said charter and ordinances."

It will be observed the fund to be raised is for the general support of the fire department, without designating, as in the charter, the specific objects. No provision is made in the ordinance for appropriating the fund to be raised by the pro-

posed tax for the purpose of procuring apparatus and constructing reservoirs for extinguishing fires. That is the extent of the authority conferred upon the city council, and we are not at liberty to enlarge its powers in that direction by construction. Any acts the city council may assume to perform not fairly within the powers conferred are *ultra vires*.

The stipulation as to the evidence excludes the idea the fund to be realized from the source indicated in the ordinance, is to be used for procuring fire apparatus and constructing reservoirs for the fire department. We may judicially know, in cities having a system of water works, reservoirs, such as are contemplated by the charter, are no longer used. How it is in the city of Alton, we have no means of knowing, as the evidence is silent in that regard. All we know from the record is, the city has "an organized fire department," to the support of which the fund to be raised by the proposed tax is to be appropriated, but of what it consists, we are not advised by anything in the testimony or the admission of the parties. If we are at liberty to infer anything in regard to it, we would presume it is the usual "fire department," as organized in cities, and consists of engines, hooks and ladders and other apparatus used in extinguishing fires, all of which is under the control and management of men employed and paid for that purpose. The fund to be raised by the tax under this ordinance, it is expressly provided, shall be for the support of the "fire department"—that is, the whole department, and not simply for procuring apparatus and constructing reservoirs for extinguishing fires, as authorized by the charter.

There being a want of authority in the city to enact the ordinance in question, it is for that reason invalid.

The judgment will be affirmed.

*Judgment affirmed.*